CITY OF CLEVELAND *v.* FORREST.

(No. 937138—Decided January 4, 1967.)

Cleveland Municipal Court, Criminal Branch.

*Mr. Bronis J. Klementowicz,* director of law, *Mr. Edward V. Cain,* chief police prosecutor, and *Mr. Thomas J. Italiano,* for city of Cleveland.

*Mr. Robert W. Jones,* Defender's office, for the defendant.

Statement of Proceedings

WILLIAMS, J.   This matter was initiated as a criminal proceeding by the filing of an affidavit charging the defendant with violating Section 13.0935 of the codified ordinances of the city of Cleveland in two respects:

1. By wandering the streets without being able to give a reasonable and satisfactory account of herself and,

2. By obtaining her living by criminal means and practices. These are but two of the multitude of offenses enumerated by the so-called suspicious person ordinance.

The defendant moved to strike from the affidavit the words charging her with a violation of the first specification.   The court reserved ruling upon this motion; and, by agreement of counsel, the case proceeded to trial.

Summary of the Evidence

The defendant was first observed by two police officers as she crossed Euclid Avenue at East 55th Street from south to north at about 11:00 p. m.   This observation was made from a distance of about 500 feet.   She was observed standing at a bus stop with serveral other persons for a period of less than five minutes.   During this time, a passing automobile stopped and a woman other than the defendant had a brief conversation with

its occupants. As a bus approached the stop, the police apprehended this other woman and placed her in the police car for the purpose of taking her "downtown." (It was assumed that this meant to the city jail which is an upper floor of Central Police Station because this is where she was in fact taken.) During the apprehension of this other woman, the defendant boarded the bus with the others at the stop. The police followed the bus from East 55th Street to East 9th Street. There they boarded the bus; forcibly removed the defendant; and transported her to city jail. She was booked just before midnight on Wednesday, September 29, 1965, for "investigation." On Friday, October 1, 1965, late in the evening and after the courts had closed, the defendant was charged as a "suspicious person." The witnesses for the city admitted that there was no evidence that the defendant received any part of her living from any criminal means or practice, but asserted that they had "suspected" this at the time she was charged. There was evidence that the defendant was legitimately employed. It also appeared from the evidence that the defendant refused at least once and possibly more times to obtain her release by signing a "suspicious person waiver" by the terms of which the person so signing admits to the charge of being a suspicious person and releases any right to claim that the person's seizure was illegal or otherwise improper.

### Further Statement of Proceedings

At the conclusion of the evidence for the city, defendant's counsel moved the court to rule upon the motion to strike the first charge from the affidavit, which ruling had been reserved, and further moved the court for an order discharging the defendant on the second charge for failure of proof by the city. The court naturally granted the motion for discharge on the second count because there was no proof at all with respect to that charge of obtaining a living by criminal means.

The court also granted the defendant's motion to strike from the affidavit the language constituting the first charge. Since the basis for this ruling is that the language of Cleveland Municipal Ordinance 13.0935, which governs the language in the affidavit, violates the 4th, 5th, and 14th Amendments to the Constitution of the United States, this court undertakes to set forth in the following opinion the constitutional basis for this ruling.

## OPINION

### I

The affidavit filed against the defendant must be governed and limited by the section of the ordinance on which it is predicated and such affidavit in the instant case is framed under Codified Ordinance of the City of Cleveland 13.0935, which reads as follows:

"Whoever * * * is found wandering about the streets, either by day or by night, without being able to give a reasonable and satisfactory account of themselves * * * shall be guilty of a misdemeanor and upon conviction thereof shall be fined not more than $50.00 and imprisoned not more than 6 months or both."

It is important to understand what this ordinance is and what it is not. This section of the ordinance under scrutiny is solely a penal ordinance and bears no relationship by its term to the investigatory power of police or any other law enforcement agency. It undertakes to define a crime punishable by incarceration.

The Supreme Court of Ohio considered a similar question in *City of Columbus* v. *DeLong* (1962), 173 Ohio St. 81. In that case, the Ohio Supreme Court held a Columbus ordinance making it an offense, punishable by imprisonment, for a prostitute merely to wander about the streets was too indefinite, restrictive and liberty depriving to represent a proper and authorized exercise of the police power. The court recognized that human beings in the state of Ohio possess rights protected by the Constitution, and "* * * by merely 'wandering' without more, she commits no criminal offense. A suspicion of prospective misconduct is not enough." 173 Ohio St. at 83.

It must be noted that while the Columbus ordinance applied to prostitutes only, the Cleveland ordinance applies to everyone.

The Fourteenth Amendment to the Constitution of the United States provides in part:

"* * * nor shall any State deprive any person of * * * liberty * * * without due process of law."

It is the opinion of the court that the section of Cleveland Ordinance 13.0935 herein considered is in conflict with this provision of the Fourteenth Amendment to the Constition of the United States.

## II

This court is aware of the decision and opinion of the Ohio Supreme Court in the case of *Welch v. City of Cleveland* (1917), 97 Ohio St. 311. The Ohio Supreme Court refused to declare invalid a predecessor of the present Cleveland suspicious person ordinance.

The *Welch case* is inapplicable as precedent in this case for a number of reasons. The Supreme Court considered primarily whether a municipality possessed the *power* to enact such legislation. In the *Welch case,* the Supreme Court considered the old ordinance as an entirety. The opinion states, ''We are not advised as to the particular part of the ordinance charged in the affidavit, and for the purpose of this case it is unnecessary to be so advised, since the attack is upon the ordinance as a whole.'' 97 Ohio State at 312.

But the most significant distinction is that the Ohio Supreme Court in the *Welch case* neither considered nor decided whether the specific provision challenged here offends basic rights guaranteed by the Constitution of the United States.

The court is accordingly of the opinion that the *Welch case* is not precedent for the proposition that the provision of the ordinance here challenged can survive when measured against the rights of citizens guaranteed by the Constitution of the United States.

## III

It cannot now be doubted that the police power of a municipality does not extend to permit the *compulsory* interrogation of persons. Indeed, the Supreme Court of the United States has through a series of decisions defined procedures which must be followed in the pursuit of this police power. See *Miranda v. Arizona* (1966), 384 U. S. 436, 86 S. Ct. 1602.

Cleveland Ordinance 13.0935 defines as criminal the offense of ''* * * without being able to give a reasonable and satisfactory account of themselves, * * *'' The punishment for this offense includes up to 6 months incarceration.

The matter of what would or would not be a ''reasonable and satisfactory'' explanation in any given set of circumstances can be a fascinating question. This provision places the burden upon the citizen of justifying his presence on the public streets. Any citizen may desire to maintain his purpose for being upon

the public streets a matter of privacy for business, personal, or family reasons.

To require a citizen to reasonably and satisfactorily account for his presence upon the public streets offends the right to silence guaranteed by the Fifth Amendment as applied to the states through the Fourteenth Amendment to the Constitution of the United States.

## IV

The Fourth Amendment to the Constitution of the United States provides in part:

"The right of the people to be secure in their persons * * * against unreasonable * * * seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, * * *"

The purpose for the elevation of this command to constitutional dimensions was the horror expressed by our Founding Fathers at the practice of European Princes of incarcerating their subjects at the whim and caprice of the sovereign. This practice has been copied and improved upon by despots of every hue.

The office of this great amendment is to place a shield between the sovereign and the citizen. It shields the citizen from being seized by police without *probable cause*. It is a brother-in-law to the great writ of habeas corpus.

The very existence of the provision of Cleveland Ordinance 13.0935 here questioned provides the means by which citizens may be seized and charged with a criminal offense carrying sanctions of incarceration, fine, and criminal record.

This court is accordingly of the opinion that this provision violates rights secured to the people by the Fourth Amendment as applied to the states by the Fourteenth Amendment to the Constitution of the United States.

## V

It is important that the distinction be noted between the charge of "suspicious person" initiated by affidavit, followed by trial, and upon conviction resulting in incarceration; and another related practice of holding in custody a person for "investigation" without any charge at all.

The former situation, which involves a penal ordinance, was the only issue before this court for determination. This deci-

sion of this court has no force or effect either to limit or define the necessary *investigatory* power of police.

Certainly this power should be exercised so as to observe both the need for society to be protected from criminals and the necessity that citizens be secure in their persons against seizure without probable cause.

In the journal entry filed on January 4, 1967, the court reserved the privilege to file this opinion, which is accordingly incorporated therein by reference.